**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------X

In Re:                                                                CHAPTER 13

MARIA TOSCA ALESSI,                                   Case No.: 11-25686 (MBK)

                                        Debtor.
---------------------------------------------------------X

Mary Beth Schroeder, Esq.
Law Offices of Lee D. Gottesman
509 Main Street
P.O. Box 1508
Toms River, New Jersey 08754-1508
Attorney for Debtor, Maria Tosca Alessi

Steven K. Eisenberg, Esq.
Stern & Eisenberg
The Pavilion, Suite 410
Jenkintown, Pennsylvania 19046
Attorney for Creditor, eCast Settlement Corporation

Albert Russo, Esq.
1 AAA Drive, Suite 101
Robbinsville, New Jersey 08691
Standing Chapter 13 Trustee

**MICHAEL B. KAPLAN, U.S.B.J.**

## MEMORANDUM OF LAW

    **I.**    **Introduction**

        This matter is before the Court upon the motion ("Motion") of Maria Tosca Alessi ("Debtor") to expunge, reduce and/or modify claims made by several of her creditors on the grounds that certain proofs of claim ("Proofs of Claim") do not comply with Fed. R. Bankr. P. 3001. For the reasons set forth below, the Court denies the Motion.

## II. Jurisdiction

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). Venue is proper in this Court pursuant to 28 U.S.C. § 1408. The following constitutes the Court's findings of fact and conclusions of law as required by Fed. R. Bankr. P. 7052.[1]

## III. Background

On May 20, 2011, the Debtor filed her voluntary Chapter 13 bankruptcy petition. On December 19, 2011, the Debtor filed the within Motion, which seeks to expunge, reduce and/or modify claims filed by: (i) Capitals One, N.A.; (ii) Chase Bank USA, N.A.; (iii) World Financial Network National Bank, Quantun3 Group, LLC; and (iv) eCast Settlement Corporation (each a "Creditor" and collectively the "Creditors"). In her Motion, the Debtor contends that the Proofs of Claim were defective since the Creditors allegedly failed to attach supporting documentation, thereby failing to satisfy the requirements of Fed. R. Bankr. P. 3001(c). On December 30, 2011, eCast filed a response to the Motion, asserting that: (i) eCast did file a proper Proof of Claim, and (ii) 11 U.S.C. § 502(b) provides the only grounds for excepting or disallowing claims.[2]

## IV. Proofs of Claim

Section 502 of the Bankruptcy Code governs the allowance of claims or interests in a bankruptcy case. See 11 U.S.C. § 502. The Federal Rules of Bankruptcy Procedure state that a claim that is properly executed "constitutes *prima facie* evidence of the validity and amount of

---

[1] To the extent that any of the findings of fact might constitute conclusions of law, they are adopted as such. Conversely, to the extent that any conclusions of law constitute findings of fact, they are adopted as such.

[2] The Court notes that not all of the Creditors have responded to the Motion. However, the reasoning set forth herein equally applies to all Creditors.

the claim." Fed. R. Bankr. P. 3001(f).  In order to overcome the *prima facie* validity, the objecting party has the burden "to produce evidence sufficient to negate the *prima facie* validity of the filed claim."  In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992).  The objecting party needs to present sufficient evidence that negates any essential portion of the claim.  Id. at 173-174.  Should the objecting party provide such evidence, the burden shifts "to the claimant to prove the validity of the claim by the preponderance of the evidence."  Id. at 174.  One way a debtor can rebut the *prima facie* validity is to show that the claimant has not provided the proper supporting documentation, as required by Fed. R. Bankr. P. 3001 ("Rule 3001").

Rule 3001 instructs the claimant that when filing a proof of claim he or she must submit the writing underlying the claim, or, if the writing has been lost or destroyed, submit an explanation of the circumstances.  Fed. R. Bankr. P. 3001(c)(1).  The purpose of Rule 3001 is to provide the debtor with enough information "so that a [d]ebtor may identify the creditor and match the creditor and the amount of the claim with the claims scheduled by the [d]ebtor."  In re Hughes, 313 B.R. 205, 212 (Bankr. E.D. Mich. 2004).  In Dove-Nation v. eCAST Settlement Corp. (In re Dove-Nation), 318 B.R. 147 (B.A.P 8th Cir. 2004), the court considered a case where the claimant substantially met the requirements for filing a proof of claim consistent with Rule 3001.  The court in Dove-Nation found that the claimant had "identified the claims almost to the exact dollar amounts listed by the [d]ebtor in her schedules, attached summaries of claims, [and] provided explanations why additional documentation was not attached."  Id. at 151.  Thus, the Dove-Nation court held that the claim was in compliance with "the spirit of the applicable rules."  Id. at 152.

"[T]he vast majority of courts … have held that a creditor's mere failure to fully comply with the documentary requirements in Rule 3001(c) does not provide a basis for

3

objecting to, or disallowing, a claim." In re Moreno, 341 B.R. 813, 817 (Bankr. S.D. Fla 2006). Indeed, "the [Bankruptcy] Rules cannot 'abridge, enlarge, or modify any substantive right.'" Id. (quoting 28 U.S.C. § 2075). "Nowhere within the Rules and Official Forms … does it state that a claim should be disallowed in its entirety solely because a creditor has not attached the writing evidencing his claim." Id. When a creditor's proof of claim does not comport with Rule 3001, the claim is "still allowed under [§] 502 of the Bankruptcy code[,] unless the [d]ebtor establishes an exception under [§] 502(b)." Dove-Nation, 318 B.R. at 151-152 (citing 11 U.S.C. §§ 502(a) and (b)); see also Am. Express Bank, FSB v. Askenaizer (In re Plourde), 418 B.R. 495, 502-503 (B.A.P. 1st Cir. 2009) ("Section 502(a) provides that a proof of claim filed under § 501 is deemed allowed unless a party in interest (often the trustee) objects. However, even where a party in interest objects, the court "shall allow" the claim unless one of nine exceptions enumerated in § 502(b) applies."); In re Moreno, 341 B.R. at 817 ("the Bankruptcy Code, in particular, § 502(b), sets out the exclusive exceptions for disallowance of a claim. These exceptions do not include disallowance based on a lack of documentation."); In re Guidry, 321 B.R. 712, 714 (Bankr. N.D. Ill. 2005) ("under § 502(b), if a party objects, the court, after notice and a hearing, must allow the claim except to the extent that it is subject to one or more of nine grounds for disallowance enumerated in § 502(b)."). Thus, claims are to be disallowed only if they fall within one of the enumerated exceptions in § 502 (b). In re Moreno, 341 B.R. at 817.

    The Debtor alleges that the Creditors have failed to attach the writings underlying their Proofs of Claim and do not provide a sufficient description of their claims, as required by the Federal Rules of Bankruptcy Procedure. Based on these alleged defects, the Debtor claims to have overcome the *prima facie* validity of the claims. However, as the Third Circuit stated in Allegheny Int'l, *supra*, the Debtor can only overcome the *prima facie* validity by producing

4

sufficient evidence to negate any essential part of the claim. In re Allegheny Int'l, Inc., 954 F.2d at 173. The Debtor has neither identified nor alleged any substantive legal deficiency or affirmative defense to any single element of the underlying claims. Moreover, the Creditors in this case have filed the Proofs of Claim in a timely manner and have either provided the Debtor with an explanation as to why the documentation underlying the claims have not been attached or provided the actual documentation in support of their claims. Furthermore, the amounts due to each Creditor match or substantially match the amounts listed by the Debtor on her schedules. Thus, the Debtor cannot overcome the *prima facie* validity of the Proofs of Claim.

Additionally, even if the presumption of validity has been overcome by the Debtor, the claimants have satisfied their burden of proof by filing Proofs of Claim under penalty of perjury. "The claim is regarded as having a certain standing already established by the oath" under which it is submitted. Whitney v. Dresser, 200 U.S. 532, 535 (1906); see also In re Mazzoni, 318 B.R. 576, 578-79 (Bankr. D. Kan. 2004) ("If a claim does not have *prima facie* validity, the claimant still satisfies its initial burden of proving the existence and amount of the claim with the presentation of the proof of claim, which is signed under penalty of up to $500,00.00 or up to five years in prison."). The Debtor has failed to controvert the substance of the filed Proofs of Claim. Furthermore, the Debtor makes no allegations that the claims are unenforceable, in whole or in part. She fails to identify any portion of the Bankruptcy Code that would allow her to expunge, reduce and/or modify the claims made by the Creditors.

Finally, the Debtor should not look to the Bankruptcy Rules in attempting to disallow a claim. As previous cases have held, 11 U.S.C. § 502(b) provides the exclusive grounds for claims disallowance. Dove-Nation, 318 B.R. at 153 ("The Bankruptcy Code could not be more clear: a claim, proof of which is filed, shall be allowed unless it falls within one of the exceptions

5

in [§] 502(b)."); Frontier Ins. Co. v. Westport Ins. Corp. (In re Black), 460 B.R. 407, 416 (Bankr. M.D. Pa. 2011) ("Section 502(b) of the Bankruptcy Code *enumerates an exhaustive list* of reasons for sustaining an objection to a proof of claim, and *it contains no requirements regarding the production of documentation*.") (emphasis added); In re Moreno, 341 B.R. at 817; In re Guidry, 321 B.R. at 712. An objection to a proof of claim based on an alleged failure to comply with the Bankruptcy Rules must be overruled "unless the objecting party alleges some basis for objecting on grounds that would require disallowance or reduction under [11 U.S.C.] § 502(b)." In re Shank, 315 B.R. 799, 812 (Bankr. N.D. Ga. 2004). If a creditor's claim does not fall into one of the statutorily proscribed reasons for excluding or reducing that claim in § 502(b), then that claim shall be allowed. Dove-Nation, 318 B.R. at 153.

The Debtor in this case has not alleged that any of the Creditors' claims should be excluded under § 502(b). Indeed, there has been no mention that any Creditor falls into one of the listed exceptions in § 502(b). Therefore, the Debtor's Motion must be denied.

**V.     Conclusion**

For the foregoing reasons, the Court finds that: (i) the Debtor has failed to overcome the *prima facie* validity of the Creditors' claims, and (ii) none of the Creditors' claims fall within § 502(b). Therefore, the Debtor's Motion is denied. The Court directs eCast to submit a proposed form of order consistent with the Court's ruling.

/s/ Michael B. Kaplan
Honorable Michael B. Kaplan
United States Bankruptcy Judge

Dated: March 28, 2012